# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0508**  (Preston County 16-M-AP-1)

**Timothy E. Wolford,**
**Defendant Below, Petitioner**

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Timothy E. Wolford, by counsel Lisa Hyre, appeals the Circuit Court of Preston County's May 23, 2016, order dismissing his petition for appeal to the circuit court. Respondent the State of West Virginia, by counsel Robert L. Hogan, filed a response in support of the circuit court's order.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was tried in the Magistrate Court of Preston County on March 25, 2016, on three counts of obstructing an officer, pursuant to West Virginia Code § 61-5-17(a). The charges stemmed from allegations that he attempted to flee in his vehicle from a State Trooper, refused multiple orders to get on the ground after he was stopped, and physically resisted when the State Trooper attempted to handcuff him.[2] Following a one-day trial, petitioner was found not guilty

---

[1] Respondent's brief was filed by Julie A. Warren. However, Robert L. Hogan subsequently filed a notice of appearance on behalf of respondent.

[2] Petitioner contends that when the trooper turned on his blue lights behind petitioner approximately half of a mile from the State Police Barracks that petitioner chose to go to the barracks to pull over in a well-lit area. Upon parking at the barracks, he asserts that three troopers rushed him from different directions, slamming his face to the asphalt. He states that he suffered a concussion and a fractured eye socket as a result of the incident. Petitioner claims that he did nothing to attract the officer's attention and asserts that the trooper could not initially identify an articulable reasonable suspicion that petitioner had committed, was committing, or was about to commit a crime when the trooper activated his lights and siren to perform a traffic stop of petitioner.
(continued . . .)

1

on two of the obstruction counts and guilty of the remaining count. On March 25, 2016, he was sentenced to fifteen days in jail, which sentence was suspended and petitioner was given one year of unsupervised probation. On April 15, 2016, petitioner filed a motion for a new trial based on what petitioner called inappropriate comments by the prosecutor, Rule 404(b) evidence, and questioning petitioner regarding prior convictions. The magistrate denied the motion, finding it untimely based upon the twenty-day timeframe for filing the same, which expired one day prior on April 14, 2016.

On April 19, 2016, petitioner filed a petition for appeal in magistrate court, and that petition was filed with the circuit clerk on April 22, 2016.[3] During a May 20, 2016, hearing before the circuit court, petitioner argued that his appeal was clearly filed within twenty days of the denial of the motion for a new trial. He further argued that there was no need to show good cause under Rule 20.1(c) of the Rules of Criminal Procedure for Magistrate Courts because the appeal was timely filed. However, in its "Order Dismissing Petition for Appeal," entered on May 23, 2016, the circuit court made the following conclusions of law: 1) West Virginia Code § 50-5-13, which requires an appeal be filed with the circuit court within twenty days of the sentencing in magistrate court, is not the controlling statute; 2) Rule 20.1 of the Rules of Criminal Procedure for Magistrate Courts of West Virginia governs appeals to the circuit court from magistrate court criminal proceedings, and it provides that a defendant must file a notice of appeal in magistrate court either within twenty days after sentencing or within twenty days after a magistrate denied a motion for a new trial; 3) the Rules of Criminal Procedure for Magistrate Courts of West Virginia supplements, and in some instances supersedes, the statutory procedures set forth in Chapters 50 and 62 of the West Virginia Code; 4) while West Virginia Code § 50-5-13 provides for a twenty-day period to file an appeal from the sentencing, it is silent regarding a timeframe for an appeal from the denial of a motion for a new trial; 5) "[a]ny perceived conflict between West Virginia Code § 50-5-13 and Rule 20.1 of the Rules of Criminal Procedure for the Magistrate Courts of West Virginia is resolved by the Rule;" and 6) Rule 20.1 allows for an appeal within twenty days of the denial of a motion for a new trial.

The circuit court concluded that petitioner clearly missed the timeline for filing his appeal from the conviction because he filed his notice of appeal in magistrate court on April 19, 2016, which was twenty-five days after he was sentenced. The circuit court further found that petitioner could not use the denial of his untimely motion for a new trial (filed before the magistrate court) "as a springboard to file an untimely appeal from the sentencing order." The circuit court acknowledged that Rules 20 and 20.1 allow a defendant to file either an appeal or a motion for new trial within twenty days. If a defendant chooses to file a motion for a new trial and that motion is denied, the defendant may then file an appeal within twenty days of the denial of the motion for a new trial. Thus, a defendant has twenty days within which he or she must act. However, petitioner in the instant action did not act within that twenty day period, as he was late in filing his motion for a new trial in magistrate court and his motion was denied for that reason.

---

[3] The petition for appeal clearly addresses both petitioner's conviction and the denial of his motion for a new trial. It also states that the appeal is filed within twenty days of the denial of his motion for a new trial pursuant to Rule 20.1(a)(2).

The circuit court went on to find that while petitioner had an appeal by right, based on Rule 20.1's timeline, his only avenue for appeal at that point was to appeal the denial of the motion for a new trial. The circuit court reviewed that denial due to the "similarities of the procedural postures . . . ." The circuit court found that the magistrate court did not abuse its discretion in denying petitioner's motion for a new trial, noting that the motion was not timely filed. Finally, it found that petitioner had not presented good cause for his untimely petition under Rule 20.1(c). Petitioner appeals from that order.

To the extent that the issues presented in this case involve questions of law and statutory interpretation, our review is de novo. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415 (1995). Our review of the final order and ultimate disposition by the circuit court is under an abuse of discretion standard, and we review the underlying factual findings of the circuit court using a clearly erroneous standard. *See* Syl. Pt. 1, *Burnside v. Burnside,* 194 W. Va. 263, 460 S.E.2d 264 (1995).

On appeal, petitioner asserts a single assignment of error: The circuit court erred when it found that petitioner's petition for appeal was untimely filed where the petition for appeal was filed within the clear and unambiguous timeframe set forth in Rule 20.1(a)(2) of the West Virginia Rules of Criminal Procedure for Magistrate Courts. He argues that he timely filed his appeal only four days after the magistrate denied his motion for a new trial. Therefore, he contends that his appeal was timely filed. Further, he asserts that the admitted late filing of his motion for a new trial did not prejudice the State so his noncompliance with Rule 20 of the West Virginia Rules of Criminal Procedure for Magistrate Courts should be excused.

Rule 20 of the Rules of Criminal Procedure for Magistrate Court of West Virginia is entitled "New Trial," and it provides, in relevant part, as follows: "(a) Within 20 days after a verdict or a finding of guilty, the defendant may file a motion requesting that the judgment be set aside and a new trial held." In the underlying matter, petitioner does not dispute that he failed to file his motion for a new trial in magistrate court within twenty days, as required by Rule 20. Therefore, as the circuit court found, the magistrate court correctly denied the motion for a new trial on that basis.

Based on the untimely motion, the circuit court found that Rule 20.1(a)(1) of the Rules of Criminal Procedure for Magistrate Courts of West Virginia applies, which requires that any person convicted of a misdemeanor in magistrate court appeal such conviction to the circuit court with a notice of appeal to be filed within twenty days after the sentencing for such conviction. Petitioner admits that he did not file his notice of appeal until twenty-five days after his sentencing. Therefore, under the specific facts of this case, we find that the circuit court did not err in finding that petitioner's appeal before it was not timely filed. For these reasons, we affirm the circuit court's dismissal of petitioner's appeal.

Affirmed.

**ISSUED:** June 9, 2017

3

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker


**DISSENTING:**

Justice Robin Jean Davis